UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROSALVA PUENTES de la TORRE, on behalf of her minor son, R.A., <br><br>       Plaintiff, <br><br> vs. <br><br> The CITY OF CHICAGO, Illinois, a municipal corporation and Chicago Police Officers Jose Troche-Vargas #6430, Daniel Rosenthal #2451, Chris Sloniec #5328, Maria Kuc #15413, <br><br>       Defendants. | 18CV8334 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

ROSALVA PUENTES de la TORRE, on behalf of her minor son, R.A., by and through her attorneys, makes the following complaint against Defendants the CITY OF CHICAGO, Illinois, and Chicago Police Officers Jose Troche-Vargas #6430, Daniel Rosenthal #2451, Chris Sloniec #5328, Maria Kuc #15413, ("Defendant OFFICERS"):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of R.A's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1434, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. R.A. is a 15 year-old freshman in high school who lives with his family in Chicago, Illinois.

5. Plaintiff ROSALVA PUENTES is R.A.'s mother and legal guardian.

6. At all relevant times, Defendant OFFICERS are or were Chicago police officers, employed by Defendant CITY, acting under color of law and within the scope of their employment.

7. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

8. In the early evening on February 15, 2018, R.A. was riding his bicycle home after getting a haircut.

9. At approximately 5:23 p.m., Defendant TROCHE-VARGAS was driving his personal vehicle near the intersection of Altgeld and Lockwood.

10. Defendant TROCHE-VARGAS did not stop at the stop sign at Altgeld and Lockwood.

11. Defendant TROCHE-VARGAS narrowly missed hitting R.A. on his bicycle.

12. Defendant TROCHE-VARGAS then sped past R.A., swerving in front of him and slamming on his brakes, causing R.A. to run into the left rear of Defendant TROCHE-VARGAS's vehicle.

13. Defendant TROCHE-VARGAS got out of his SUV, and tackled R.A. to the street, landing on top of R.A.

14. Defendant TROCHE-VARGAS grabbed R.A. by the collar and struck him about his body.

15. Defendant TROCHE-VARGAS told R.A. he was a Chicago Police Officer.

16. Defendant TROCHE-VARGAS was acting within the scope of his employment as a Chicago police officer during his interactions with R.A.

17. Eye-witnesses intervened to protect R.A. and called 9-1-1.

18. R.A. called 9-1-1.

19. R.A. also called his father, who arrived shortly after the incident.

20. Defendant Officers ROSENTHAL, SLONIEC, and KUC were on duty and working as Chicago police officers when this incident occurred.

21. Defendants SLONIEC and KUC arrived on the scene within minutes of the incident.

22. Defendant TROCHE-VARGAS also called his sergeant, Defendant ROSENTHAL, to the scene.

23. At some point, Defendant ROSENTHAL also arrived on scene.

24. R.A.'s father asked Defendant OFFICERS to call an ambulance for his son.

25. One of the Defendant OFFICERS told R.A.'s father that if he requested an ambulance, they would charge R.A. with assault.

26. An ambulance eventually transported R.A. to a hospital where he was treated for lightheadedness and contusions to his right hip, right shoulder, right upper arm, and head.

27. R.A. was then taken to the 25th District police station where one or more of the Defendant OFFICERS caused R.A. to be charged with aggravated assault.

28. One or more of DEFENDANT OFFICERS created or approved false police reports and false criminal complaints relating to the circumstances of R.A.'s arrest.

29. On March 9, 2018, Plaintiff and R.A. went to the Juvenile Courthouse to attend a juvenile detention hearing for R.A.

30. The Cook County State's Attorney's Office continued R.A.'s case to March 30, 2018.

31. On March 19, 2018, R.A. received a letter from the Cook County State's Attorney's Office informing him that they would not be filing any charges against R.A.

**COUNT I**
(42 U.S.C. § 1983 – False Arrest)

32. Each of the foregoing paragraphs is incorporated as if fully restated here.

33. As described above, Defendant OFFICERS arrested R.A., or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

34. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICER(S), had a reasonable opportunity to intervene to prevent it, but failed to do so.

35. As a direct and proximate result of this illegal arrest and failure to intervene, R.A. suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** R.A. prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983 – Excessive Force)

36. Each of the foregoing paragraphs is incorporated as if fully restated here.

37. As described above, the intentional conduct of Defendant TROCHE-VARGAS towards R.A. was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

38. As a direct and proximate result of this excessive force, R.A. suffered damages, which will be proven at trial.

**WHEREFORE,** R.A. prays for a judgment against Defendant TROCHE-VARGAS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983 – Supervisory Liability)

39. Each of the foregoing paragraphs is incorporated as if fully restated here.

40. As described above, Defendant ROSENTHAL was the supervisor on scene during the false arrest of R.A.

41. As described above, Defendant OFFICERS unlawfully arrested R.A. in violation of the Fourth Amendment to the United States Constitution.

42. At all relevant times, Defendant ROSENTHAL is or was a sergeant and was a supervisory-level police official on the Chicago Police Department. It was the responsibility of Defendant ROSENTHAL to supervise the conduct of the Unknown Defendant OFFICERS who took part in unlawfully arresting R.A.

43. Rather than properly supervising the Defendant OFFICERS, Defendant ROSENTHAL condoned the unlawful behavior of the Defendant OFFICERS and failed to take appropriate steps to stop it.

44. As a direct and proximate result of Defendant ROSENTHAL's failure to supervise the Defendant OFFICERS, R.A. suffered damages, which will be proven at trial.

**WHEREFORE,** R.A. prays for a judgment against Defendant ROSENTHAL in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(Illinois Malicious Prosecution Claim)

45. Each of the foregoing paragraphs is incorporated as if fully restated here.

46. As described above, one or more of Defendant OFFICERS willfully, intentionally and recklessly initiated (or caused to be initiated) judicial proceedings against R.A. and/or caused those proceedings to continue without probable cause to believe R.A. had committed the crimes charged.

47. One or more of Defendant OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of R.A.'s arrest, and provided false information to

5

prosecutors handling R.A.'s criminal case. This was done with malice and/or reckless indifference to R.A.'s rights.

48. The criminal case/delinquency charges against R.A. were terminated in his favor, in a manner indicative of his innocence.

49. As a direst and proximate result of Defendant OFFICERS' malicious prosecution, R.A. suffered damages, which will be proven at trial.

**WHEREFORE**, R.A. prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as such other relief as is just and equitable.

### COUNT V
(Illinois Battery Claim)

50. Each of the foregoing paragraphs is incorporated as if fully restated here.

51. As described above, Defendant TROCHE-VARGAS willfully and wantonly and without legal justification used physical force upon R.A.

52. As a direct and proximate result of Defendant TROCHE-VARGAS's intentional misconduct, R.A. suffered damages, which will be proven at trial.

**WHEREFORE,** R.A. prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

ROSALVA PUENTES de la TORRE, on behalf of her minor son, R.A., Plaintiff

By: */s Torreya L. Hamilton*
  Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC

53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397